IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Quincy C. Daniels, | : | |
| | : | Case No. 1:15-cv-507 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order on Disqualification of Attorney |
| City of Wyoming, *et al.* | : | Glenda A. Smith Pursuant to Ohio Rule |
| | : | of Professional Conduct 3.7 |
| Defendants. | : | |

Counsel alerted the Court to a potential attorney disqualification issue during a status conference held on March 17, 2016. Glenda A. Smith, the attorney for Plaintiff Quincy C. Daniels, will be a testifying witness in this case. She was the sole passenger in the vehicle driven by Daniels when Defendant Tom Riggs, a City of Wyoming police officer, initiated the traffic stop which is the basis for this lawsuit. At the request of the Court, the parties briefed the issue of whether Smith is disqualified from representing Daniels pursuant to Ohio Rule of Professional Conduct 3.7.

**I.     LAW AND ANALYSIS**

Rule 3.7 states in relevant part as follows:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

>  (1) the testimony relates to an uncontested issue;
>  (2) the testimony relates to the nature and value of legal services rendered in the case;
>  (3) the disqualification of the lawyer would work *substantial* hardship on the client.

Ohio R. Prof. Conduct 3.7 (emphasis in the original).

1

Smith is the only non-party witness to the event underlying this lawsuit. She does not dispute that she will be a necessary witness at trial. However, she makes two arguments against her complete disqualification as Daniels's attorney.

First, Smith argues that her disqualification would work a substantial hardship on her client. She asserts that it is difficult for plaintiffs to secure counsel in police misconduct cases. She also asserts that Daniels will suffer a financial hardship if he is required to retain new counsel. Unfortunately, Smith fails to offer objective or anecdotal evidence to support either contention. Moreover, Ohio caselaw indicates that financial hardship ordinarily does not constitute a substantial hardship for purposes of Rule 3.7(a)(3). *See 155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St. 3d 423, 650 N.E.2d 869, 874 (1995); *Rock v. Sanislo*, No. 09CA0031-M, 2009 WL 5154889, at *4 (Ohio App. Dec. 30, 2009). The Court concludes that Smith cannot avoid disqualification on the basis of a substantial hardship.

Second, Smith requests to be able to conduct *pretrial* activity even if she is disqualified from representing Daniels at trial. Rule 3.7 on its face bars an attorney who is a necessary witness only from acting as an advocate at a trial. However, the purpose of Rule 3.7 is to prevent the trial jury from learning about an attorney's dual role as an advocate and a witness. Therefore, Smith will not be permitted to take or defend depositions or to participate in any pretrial activities which carry the risk of revealing her dual role to the jury at trial.

## II. CONCLUSION

The Court holds that Attorney Glenda A. Smith is disqualified from representing Plaintiff Quincy C. Daniels at trial, during depositions, or in any other pretrial matters which would create a risk of disclosing Smith's dual role of both advocate and witness to the trial jury. Daniels has 60 days from the date of this Order to secure new or additional counsel and to have the new

counsel enter an appearance with the Court.  Smith can assist Daniels with the process of securing new counsel.

       IT IS SO ORDERED.

                                              S/Susan J. Dlott_____
                                              Judge Susan J. Dlott
                                              United States District Court